UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES G. HENDRICKS, | No. 2:14-cv-0647 DAD |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Commissioner of Social Security, | |
| Defendant. | |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[1] For the reasons explained below, plaintiff's motion is granted, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings consistent with this order.

PROCEDURAL BACKGROUND

On April 12, 2001, plaintiff filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"), alleging disability beginning on January 7, 2001. (Transcript ("Tr.") at 15, 70-73.) Plaintiff's application was granted upon initial

---

[1] Both parties have previously consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c). (See Dkt. Nos. 5 & 7.)

1

1  consideration. (Id. at 15.) On February 21, 2006, plaintiff was notified that he was no longer
2  entitled to benefits because he had been engaging in "substantial work." (Id. at 15, 29-35.) That
3  decision was affirmed upon reconsideration on June 15, 2006. (Id. at 45-47.)

4      Plaintiff requested a hearing and a hearing was held before an Administrative Law Judge
5  ("ALJ") on October 24, 2008. (Id. at 452.) In a decision issued on December 23, 2008, the ALJ
6  found that plaintiff's disability ceased as of April of 2002. (Id. at 18.) After the Appeals Council
7  denied plaintiff's request for review, plaintiff filed a civil action in this court, James Hendricks v.
8  Michael J. Astrue, No. CIV S-09-2295 GGH (E.D. Cal. 2009) ("prior action). (Id. at 599-606.)
9  On June 8, 2010, plaintiff's motion for summary judgment in that prior action was granted in part
10 by the court and the matter was remanded for further proceedings. (Id. at 605-06.)

11     On June 19, 2010, in light of the court order granting plaintiff's motion for summary
12 judgment in part in the prior action, the Appeals Council vacated the final decision of the
13 Commissioner and remanded the case to an ALJ for further administrative proceedings. (Tr. at
14 517.) Another hearing was held before an ALJ on December 16, 2010. (Id. at 615.) Plaintiff was
15 represented by an attorney and testified at that administrative hearing. (Id. at 615-17.)

16     In a decision issued on March 18, 2011, the ALJ found that plaintiff had engaged in
17 substantial gainful activity and been overpaid benefits. (Id. at 500-03.) The ALJ entered the
18 following findings in this regard:

19         1. The claimant engaged in substantial gainful activity and was
        overpaid benefits in the amount of $84,053.80 during the period of
20         July 2002 to March 2006 (20 CFR 404.504).

21         2. The claimant is liable for repayment of $84,053.80 during the
        period January 1, 2005 to January 10, 2006 (20 CFR 404.501(a)).
22

23 (Id. at 500-03.)

24     On April 2, 2014, the Appeals Council assumed jurisdiction of the case, affirmed the
25 ALJ's finding that plaintiff had engaged in substantial gainful activity but vacated the ALJ's
26 findings regarding overpayment and repayment. (Id. at 492-94.) Plaintiff sought judicial review
27 /////
28 /////

pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action.[2]

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one:  Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two:  Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four:  Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

/////

---

[2] Plaintiff filed his original complaint in this action on March 10, 2014, (Dkt. No. 1), and an amended complaint on June 6, 2014. (Dkt. No. 8.)

1
2
>Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987).  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

In his pending motion plaintiff asserts that the ALJ failed to consider the lay witness testimony of Shanna Farmer, in violation of the June 9, 2010 court order issued in his prior civil action before this court.  In that prior action, Hendricks v. Astrue, No. CIV S-09-2295 GGH, 2010 WL 2353449 (E.D. Cal. June 9, 2010), the court issued an order granting plaintiff's motion for summary judgment, in part, after finding that the ALJ had erred in failing to discuss the testimony of Shanna Farmer in his decision.  (Tr. at 599-606.)

With respect to Ms. Farmer's testimony, the court's June 9, 2010 order in plaintiff's prior civil action summarized her testimony at the December 23, 2008 administrative hearing as follows:

> Up until a year and a half prior to the October, 2008 hearing, Ms. Farmer accompanied plaintiff to work at the phone company, and worked right next to his office.  She helped him go to breakfast, helped feed him, and helped him get up and out of chairs due to his instability and tendency to fall.  She also made sure if he went to the bathroom that he came back out.  Ms. Farmer testified that plaintiff attended board meetings quarterly, an engineering meeting once a week, and a staff meeting every other week.  She made sure to get him up, out the door and onto the elevator for these meetings.  There would be other personnel at the other end of the elevator to make sure he arrived.  Although she did not attend the meetings with him, she read the minutes of those meetings and testified that most of the time he made no comment at the meetings.  Once in a while he would state that a light bulb had gone out in the hallway or something else of similar insignificance.  She further testified that his average day at the office was an hour or two, and he mostly just sat.  He also watched the news on his office television, read newspapers and magazines, and slept for an hour.  Then he would go home.  Periodically someone would come in with a board issue, but "on a daily basis, nobody came in."  She said that since his stroke, he has not touched his desk work or his computer.

4

(Id. at 604-05.)  At that time the court ordered that the matter be remanded so that the ALJ could consider Ms. Farmer's testimony and make a determination as to the appropriate weight to be afforded that testimony.  (Id. at 605-06.)

As noted above, after the matter was remanded, a second administrative hearing was held on December 16, 2010, at which Ms. Farmer also testified.  (Id. at 615.)  According to Ms. Farmer's testimony at the December 16, 2010 administrative hearing, plaintiff's work activity consisted of going "to breakfast in the morning, which usually takes a couple of hours," reading on his Kindle and napping.  (Id. at 654-57.)  Ms. Farmer also testified that, since plaintiff suffered his stroke, he had not been given a work assignment, aside from "maybe, some past questions on past history of the telephone company . . . ."  (Id. at 658.)

Plaintiff argues that "[d]espite the specific directive from the Federal Court on Remand to discuss and properly weigh the testimony of Shanna Farmer," the ALJ gave "exactly one sentence to that testimony," in his March 18, 2011 opinion.  (Pl.'s MSJ (Dkt. No. 15-1) at 8.[3])  A review of the ALJ's March 18, 2011 decision which is now subject to review by this court reveals that plaintiff's argument is well taken.  In this regard, the ALJ's March 18, 2011decision acknowledged that the court's June 9, 2010 order in the prior civil action found that "not discussing the testimony of the claimant's personal assistant, Shanna Farmer," constituted harmful error.  (TR. at 501.)  The ALJ then noted that Ms. Farmer testified "as both hearings . . . that she assists the claimant at work," before moving on to a summary of plaintiff's activities.[4] (Id.)

Nowhere in the ALJ's opinion, however, is there any mention of whether or why the ALJ accepted or rejected Ms. Farmer's testimony.  See Rounds v. Commissioner Social Sec. Admin., 795 F.3d 1177, 1187 (9th Cir. 2015) ("Competent lay witness testimony cannot be disregarded without comment and in order to discount competent lay witness testimony, the ALJ must give

---

[3] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

[4] It is not clear if the ALJ's brief summary was intended to be a summary of Ms. Farmer's testimony or the ALJ's summary of plaintiff's daily activities after considering all the evidence, including Ms. Farmer's testimony.

reasons that are germane to each witness."); Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001) ("Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so."). By failing once again to fully evaluate and address Ms. Farmer's testimony, the ALJ failed to comply with the June 9, 2010 order in the prior action which required the ALJ to make "a determination as to the weight given this lay testimony . . . ." (Tr. at 606.)

After the ALJ issued his March 18, 2011 opinion, plaintiff submitted written exceptions to the Appeals Council. (Tr. at 492.) The Appeals Council, thereafter, assumed jurisdiction and issued a decision on April 2, 2014.[5] (Id. at 488-95.) The Appeals Council found that the ALJ had erred with respect to the issues of overpayment and repayment. (Id. at 493.) However, the Appeals Council concurred with the ALJ's "conclusion that claimant performed substantial gainful activity" and elected to "not disturb" that finding. (Id.)

In this regard, the Appeals Council found the ALJ "cured the defect of the first [ALJ's] decision by specifically considering the testimony of the claimant's assistant, Shanna Farmer, with the entire evidentiary record." (Id.) For the reasons stated above, the court has found that the ALJ's treatment of Ms. Farmer's testimony constituted error and did not cure the defect of the first ALJ's decision.

The Appeals Council also found that "even accepting the fact the claimant's work and earnings were subsidized by this assistance," the ALJ's finding that plaintiff's work was "worth the substantial gainful activity amounts during the period at issue given his unique expertise and skills," was consistent with the "regulatory provision" that defines "substantial gainful activity as

---

[5] "When you file written exceptions to the decision of the administrative law judge, the Appeals Council may assume jurisdiction at any time, even after the 60–day time period which applies when you do not file exceptions. If the Appeals Council assumes jurisdiction, it will make a new, independent decision based on the preponderance of the evidence in the entire record affirming, modifying, or reversing the decision of the administrative law judge, or it will remand the case to an administrative law judge for further proceedings, including a new decision. The new decision of the Appeals Council is the final decision of the Commissioner after remand." 20 C.F.R. §404.984(b)(3).

work which, although significantly less than that done by unimpaired people . . .who are doing the same or similar jobs . . . is still clearly worth the substantial gainful activity amounts . . . ." (Id.) The Appeals Council also found that when considered "under an alternative analysis, treating the claimant as a self-employed person," claimant "performed substantial gainful activity under test three" of the three tests for "self-employed individuals" because his work was "clearly worth the substantial gainful activity amount when considered in terms of its value to the business, or compared to the salary that an owner would pay to an employee to do the same work he is doing."[6]  (Id. at 493-94.)  In this regard, defendant argues that any error by the ALJ in failing to consider and evaluate Ms. Farmer's testimony was harmless because the Appeals Council found that "even accepting Ms. Farmer's testimony," plaintiff's activities constituted substantial gainful activity, whether plaintiff is viewed as an employee or a self-employed individual.  (Def.'s MSJ (Dkt. No. 16) at 11.)

As noted above, at step one of the sequential evaluation, the ALJ must determine if plaintiff is engaging in substantial gainful activity.  "The concept of substantial gainful activity involves the amount of compensation and the substantiality and gainfulness of the activity itself." Keyes v. Sullivan, 894 F.2d 1053, 1056 (9th Cir. 1990).  See also Lynch v. Colvin, 2:13-cv-1855 CKD, 2014 WL 4370676, at *6 (E.D. Cal. Sept. 2, 2014).  In this regard, substantial gainful activity is work activity that is both substantial and gainful:

> (a) Substantial work activity.  Substantial work activity is work activity that involves doing significant physical or mental activities. Your work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before.[7]

/////

---

[6] Plaintiff is the Chairman of the Board and sole common shareholder of a family owned corporation.  (Tr. at 500.)  "If you are an officer of a corporation, you are an employee of the corporation if you are paid or you are entitled to be paid for holding office or performing services. However, if you are a director of a corporation, we consider you to be self-employed when you work as a director."  20 C.F.R. § 404.1006.

[7] "Generally, we do not consider activities like taking care of yourself, household tasks, hobbies, therapy, school attendance, club activities, or social programs to be substantial gainful activity." 20 C.F.R. § 404.1572(c).

> (b) Gainful work activity. Gainful work activity is work activity that you do for pay or profit. Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized.

20 C.F.R. § 404.1572(a)-(b). "If your duties require use of your experience, skills, supervision and responsibilities, or contribute substantially to the operation of a business, this tends to show that you have the ability to work at the substantial gainful activity level." 20 C.F.R. § 404.1573(a).

> If a claimant is self-employed, the Commissioner will consider the work activities he or she has performed *and their value to the business* to determine whether the individual engaged in SGA. 20 C.F.R. §§ 404.1575(a)(2) & 416.975(a)(2). The Social Security Regulations provide three tests for determining whether self-employment qualifies as SGA . . . . Test Three: You have engaged in substantial gainful activity if your work activity, although not comparable to that of unimpaired individuals, is clearly worth the amount shown in [the Commissioner's Earnings Guidelines] when considered in terms of its *value to the business*, *or when compared to the salary that an owner would pay to an employee to do the work you are doing.*

Le v. Astrue, 540 F.Supp.2d 1144, 1149-50 (C.D. Cal. 2008) (emphasis added).

Moreover, "there is a presumption of substantial gainful employment if the applicant earns over the amount specified in the guidelines." Keyes, 894 F.2d at 1056. However, "[t]he claimant may rebut a presumption based on earnings with evidence of his inability to be self-employed or to perform the job well, without special assistance, or for only brief periods of time." Id. (citing Anderson v. Heckler, 726 F.2d 455, 456 (8th Cir. 1984)). "In considering whether the presumption is rebutted, the factors to be considered include the responsibilities and skills required to perform the work, the amount of time the individual spends working, the quality of the individual's work, special working conditions, and for individuals who are self-employed, the value of their work to the business." Corrao v. Shalala, 20 F.3d 943, 948 (9th Cir. 1994). See also Katz v. Secretary of Health & Human Services, 972 F.2d 290, 293 (9th Cir. 1992) ("The earnings presumption can be rebutted. Factors to be considered in addition to the amount earned include the time spent working, quality of a person's performance, special working conditions, and the possibility of self-employment.").

Here, Ms. Farmer's testimony directly concerns the value of plaintiff's work activity to the business, the quality of his work and his working conditions. Moreover, were Ms. Farmer's testimony to be credited as true, plaintiff's work activity may be of such little value to the business that an owner would not pay an employee a salary to do that work.[8]  In fact, Ms. Farmer testified that she did "some hiring" for the business and she "would not pay [plaintiff] to do what he does . . . ."  (Tr. at 659.)

Obviously, whether to fully credit Ms. Farmer's testimony as true and the determination of the exact value of plaintiff's work activity to the business at issue are matters for the ALJ to resolve.  See Allen v. Heckler, 749 F.2d 577, 580 n. 1 (9th Cir. 1985) ("questions of credibility and resolutions of conflicts in the testimony are functions solely for the Secretary").  However, as the court in plaintiff's prior civil action noted, "[t]he issue of substantial gainful activity cannot be determined until the ALJ has considered" Ms. Farmer's testimony because, accepting Ms. Farmer's testimony as true, a "reasonable ALJ could have come to a different disability determination."  (Tr. at 605.)  See also Jones v. Shalala, 21 F.3d 191, 192 (7th Cir. 1994) ("There are cases in which although the claimant is currently earning a decent wage, he really is permanently disabled from engaging in gainful activity.  Maybe his boss feels desperately sorry for him and is retaining him on the payroll even though he is incapable of working.  That act of charity ought not be punished by denying the employee benefits and thus placing pressure on the employer to retain an unproductive employee indefinitely."); Corrao, 20 F.3d at 948 ("While it is clear that Corrao's 'income' establishes a presumption that he is engaged in SGA, these guidelines are only a presumption and do not relieve an ALJ of the duty to develop the record fully and fairly."); SSR 83-34, 1983–1991 SOC. SEC. REP. SERV. 106, 1983 WL 31256, at *1 (1983) ("In determining whether a self-employed individual is engaging in SGA, consideration must be given to the individual's activities and their value to his or her business.  Self-

---

[8] See Patane v. Harris, 507 F. Supp. 115, 117 (E.D. Pa. 1981) ("Here, the record supports only the inference that Mr. Patane was capable of discharging his responsibilities as an outside director of five small closely-held corporations directorships that together apparently required a single meeting of one hour's duration each month, a few words, and no action at all.  This brief, intermittent activity is not 'substantial gainful activity.'")(citations omitted).

1  employment income alone is not a reliable factor in determining SGA, since it is influenced not
2  only by the individual's services but also by such things as market conditions, capital
3  investments, the services of other people, and agreements on distribution of profits.  An
4  individual's services may help build up capital assets during a period of development when no
5  profits are evident, or they may reduce losses during temporary periods of poor business
6  conditions.  On the other hand, a person who is incapable of rendering valuable services may
7  receive a large income solely because of his or her capital investment in the business.  Hence, it is
8  necessary to consider the economic value of the individual's services, regardless of whether an
9  immediate income results from such services.").

## SCOPE OF REMAND

11  With error established, the court has the discretion to remand or reverse and award
12  benefits.  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).  A case may be remanded
13  under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

18  Garrison, 759 F.3d at 1020.  Even where all the conditions for the "credit-as-true" rule are met,
19  the court retains "flexibility to remand for further proceedings when the record as a whole creates
20  serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social
21  Security Act."  Id. at 1021.  See also Treichler v. Commissioner of Social Sec. Admin.,, 775 F.3d
22  1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain
23  and ambiguous, the proper approach is to remand the case to the agency.").
24  Here, because of the error caused by the ALJ's repeated failure to properly consider lay
25  witness testimony and because the ALJ ceased the sequential evaluation at step one, the record in
26  this action is unclear and ambiguous and this matter must be remanded for further proceedings.
27  On remand, the ALJ shall consider and evaluate the testimony of Shanna Farmer.  The ALJ shall
28  also specifically address whether Ms. Farmer's testimony is being fully credited and, if not fully

credited in any respect, the ALJ shall provide a germane reason or reasons for not fully crediting that testimony. The ALJ shall then proceed with the sequential evaluation, if appropriate.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Dkt. No. 15) is granted;
2. Defendant's cross-motion for summary judgment (Dkt. No. 16) is denied;
3. The Commissioner's decision is reversed; and
4. This matter is remanded for further proceedings consistent with this order.

Dated: September 21, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.soc sec\hendricks0647.ord.docx